## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

EDWINA M. SMITH,         )
                        )
        Plaintiff,         )
                        )
v.                     )     CIVIL ACTION NO.
                        )     07-0118-BH-C
RIVER BIRCH HOMES, INC., et al.,   )
                        )
        Defendants.     )

## ORDER

This action is before the Court on plaintiff's motion to remand (Doc. 12) which is predicated on plaintiff's express limitation of damages on her Magnuson-Moss Warranty Act ("MMWA") claim[1] to "less than the sum or value of $50,000.00" (Complaint at ¶ 99), and thus on the non-existence of federal question jurisdiction in this case. Attached to the motion was an affidavit by one of plaintiff's counsel, J. Charles McCorquodale IV, declaring that "the matter in controversy, exclusive of interest and costs, is less than the sum of $50,000 as to all of Plaintiff's claims arising under the [MMWA]" and, further,

---

[1]Plaintiff asserts as her Twenty-First Cause of Action, that defendants violated the Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, by breaching certain written warranties furnished to plaintiff at the time she purchased the manufactured home at issue in this litigation. (Complaint at ¶¶ 84-99.) According to the Complaint, defendants breached these warranties by failing to repair or otherwise cure certain enumerated defects (including condensation, plumbing defects, cracked walls, doors and windows that do not open or close properly, warped and bowed walls, leaks, and vapor barrier in the wrong location) in the mobile home. (*Id*. at ¶¶ 95, 99.) Plaintiff asserts that she notified the defendants of those defects and afforded them a reasonable opportunity to comply with the warranty; and alternatively that defendants knew or should have known about the defects at the time of sale. (*Id*. at ¶¶ 96-97.) Plaintiff also asserts, alternatively, that the defects could not be cured. (*Id*. at ¶ 98.)

that plaintiff "will not seek or accept damages on her claim under the [MMWA] in excess of the jurisdictional amount."

The action had been removed to this District Court on February 15, 2007, by River Birch Homes, Inc. ("RiverBirch"), one of the defendants herein, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446.  In view of plaintiff's claim under the MMWA, River Birch predicated subject matter jurisdiction on §1331, which confers original jurisdiction to district courts over "all civil actions arising under the Constitutions, laws, or treaties of the United States."  28 U.S.C. § 1331.

A response in opposition to remand (Doc. 15) was filed on March 13, 2007, by River Birch, together with a motion (Doc. 16) to strike Mr. McCorquodale's affidavit. The Court took the matter under submission upon receipt of plaintiff's reply (Doc. 17) on March 15, 2007.

Upon consideration of these matters, the Court concludes and it is therefore **ORDERED** as follows, in reverse order of filing:

1.      River Birch's motion to strike is due to be and is hereby **DENIED**.  This motion is predicated on the contention that the Affiant lacked personal knowledge, did not address the facts existing at the time of removal, was conclusory, and made legal conclusions that invade the province of the Court.  These objections are meritless.  It is well-established that the Court is permitted to credit representations of counsel that their clients will neither seek nor accept damages exceeding the jurisdictional amount.  *See e.g.*, *Federated Mut. Ins. Co. v. McKinnon Motors, LLC.*, 329 F.3d 805, 808 (11ᵗʰ Cir.

2

2003)(crediting the representation of plaintiff's counsel in a motion to remand that plaintiff does not seek and would not accept damages in excess of jurisdictional amount); *Matthews v. Fleetwood Homes of Georgia*, 92 F.Supp.2d 1285, 1289 (S.D. Ala. 2000)(similar).  The Court finds that the  McCorquodale Affidavit is proper in that it is based upon counsel's personal knowledge and reflects the facts existing at the time of removal.  The Affidavit unambiguously establishes that the plaintiff, Edwina Smith ("Smith") does not seek and will not accept an award of $50,000 or more on her MMWA claim, such that federal jurisdiction cannot be predicated on that cause of action.[2]

      2.      Smith's motion to remand is due to be and is hereby **GRANTED** inasmuch as she had from the outset, and thus at the time of removal, expressly limited her damages under the MMWA to "less than the sum or value of $50,000.00" and the right to so limit her damages is well-established.  *See*, 15 U.S.C. § 2310(d)(3)(B), which makes clear that original federal jurisdiction exists over a MMWA cause of action only if the amount in

---

[2]The Court thinks it wise to caution Smith's counsel to heed the admonition of *Matthews*, that should she, despite counsel's representations upon which the Court relied, later amend her complaint to seek damages in excess of the jurisdictional threshold, the Court would not hesitate to impose "swift" and "painful" sanctions for such manipulative forum-shopping chicanery.  92 F. Supp.2d at 1289; *see also*, *Federated*, 329 F.3d at 808 & n. 6 (observing that plaintiff's counsel are officers of the court and subject to Rule 11 sanctions for making representations for improper purposes, and that motions for sanctions may be initiated and decided even after the underlying case has been resolved and is no longer pending); *Burns*, 31 F.3d at 1095 (presuming that plaintiff's counsel recognizes that representations regarding amount in controversy "have important legal consequences and, therefore, raise significant ethical implications for a court officer").  As applied to the case at bar, McCorquodale as well as all of plaintiff's counsel have now unequivocally committed their client to a less than $50,000 cap on recovery in both the Complaint and  McCorquodale's Affidavit and are thus expected to scrupulously honor that commitment in the state court proceedings.

controversy is at least $50,000; *Ansari v. Bella Automotive Group, Inc*., 145 F.3d 1270,

1271 (11th Cir. 1998)(same); *Matthews v. Fleetwood Homes of* Georgia, 92 F. Supp.2d

1285, 1288 (S.D. Ala. 2000)("[T]he amount in controversy for purposes of §

2310(d)(3)(B) does not include damages flowing from any pendent state law claim

brought by a plaintiff [and] in determining whether the amount in controversy exceeds

$50,000, exclusive of interests and costs, the undersigned focuses on the lone [MMWA]

claim asserted by the plaintiffs in their complaint and does not consider the damages

flowing from the numerous state law claims asserted by the plaintiffs");  Grubbs *v.*

*Pioneer Housing, Inc.*, 75 F. Supp2d 1323, 1326 (M.D. Ala. 1999)("In order for a federal

court to exercise jurisdiction of a claim under the [MMWA], the amount in controversy

must be at least $50,000, exclusive of interests and costs").  *See also*, *Burns v. Windsor*

*Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)("[I]f plaintiff chooses to ask for less than the

jurisdictional amount, only the sum actually demanded is in controversy [and] defendant,

to establish removal jurisdiction, was required to prove to a legal certainty that plaintiff, if

she prevailed, would not recover below $50,000.").  If, as in the case at bar, a defendant

removes the case to federal court, notwithstanding the plaintiff's specific pleading of a

sub-jurisdictional minimum damages amount, remand is avoided only if the defendant

proves "to a legal certainty that plaintiff's claim must exceed" the jurisdictional amount.

*Burns*, 31 F.3d at 1095.  As was true in *Burns*, River Birch has failed to establish to a

legal certainty that plaintiff, if she prevails, would not recover below $50,000.00 on her MMWA claim.[3]

The Clerk of this Court is hereby directed to take such steps as are necessary to transfer this action back to the Circuit Court of Wilcox County, Alabama, from whence it was removed.

**DONE** this 19th day of March, 2007.

        s/ W. B. Hand
SENIOR DISTRICT JUDGE

---

[3]Despite River Birch's protestations to the contrary regarding a possible "refund remedy"in this case, the true value of any refund remedy that plaintiff might receive, and hence the true amount in controversy, equals the difference between the original purchase price of the subject mobile home, and the value of the mobile home in its present condition, with that figure reduced additionally by the value of plaintiff's beneficial use of the mobile home in the interim. *See*, *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405-06 (7th Cir. 2004)(plaintiff's "true money damages - and concomitantly, the true amount in controversy - would equal only the difference between the price of a new car and the worth of the allegedly defective car, reduced by his beneficial use of the defective car). As applied to the case at bar, the value of the offsetting amounts cannot be made today with any degree of certainty, much less to the "legal certainty" required to override the plaintiff's unequivocal declaration that the relief sought on the MMWA claim is less than $50,000.

5